NEWMAN, Circuit Judge,
dissenting from denial of rehearing en banc.
I respectfully dissent from the denial of the Commission’s petitions for rehearing and for rehearing en banc. As discussed with respect to the panel majority’s decision, Fifth Amendment principles as explicated and applied by the Supreme Court, by the Federal Circuit and the Court of Claims, and here by the Court of Federal Claims, negate the reasoning and the result of the panel majority. See Arkansas Game & Fish Commission v. United States, 637 F.3d 1366, 1379 (Fed.Cir.2011) (Newman, J., dissenting).
The Corps of Engineers ultimately agreed that its unilateral and protested flooding of the Arkansas Management Area was injurious, and because of this injury the Corps terminated its departure from the previously agreed release schedule of water from the Clearwater Dam. It was found at trial, and not disputed in this court’s majority decision, that this flooding caused permanent injury and destruction of Management Area timber, destruction that was not reversible after the Corps finally ended its deviations. The panel majority’s holding that this injury is not compensable, on the theory that injury caused by temporary floodings is per se never eligible for consideration as a “taking,” is contrary to law and precedent, as reiterated in the accompanying dissent from denial of rehearing en banc.
Even the government is uncomfortable with the court’s new rule, for in its brief responding to the Commission’s petition, the government disingenuously announces that “the panel majority did not establish a per se rule.” Gov’t Response at 1. However, the panel majority did indeed establish a per se rule, stating that “because the deviations from the 1953 plan were only temporary, they cannot constitute a taking.” Arkansas Game & Fish Commission, 637 F.3d at 1378-79. The panel majority also creates the new rule that it is not necessary to apply the balancing test elaborated in Ridge Line, Inc. v. United *1384 States, 346 F.3d 1346, 1355 (Fed.Cir.2003), stating that “we need not decide whether the flooding on the Management Area was ‘sufficiently substantial to justify a takings remedy’ or ‘the predictable result of the government’s action’ [quoting from Ridge Line ] because the deviations were by their very nature temporary.” 637 F.3d at 1376. This position is in conflict with Supreme Court precedent, as summarized in Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 436 n. 12, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982): “As ... the intermittent flooding cases reveal, such temporary limitations are subject to a more complex balancing process to determine whether they are a taking.” See, for example, this court’s treatment of analogous facts in Cooper v. United States, 827 F.2d 762 (Fed.Cir.1987), where six years of intermittent flooding were caused by a Corps of Engineers construction project that clogged the river while the construction proceeded, and was held to be a “taking” of the destroyed timber, although the construction project and its effect on the river were always understood not to be permanent.
A judge of the majority opinion now proposes that “the panel majority did not create a blanket rule.” (Dyk, J. concurring in the denial of rehearing en banc, at 1380). However, a single judge cannot rewrite the words and change the ruling of the court’s issued opinion. If anything, such an attempted qualification adds confusion, not clarity, to this precedential decision.
On its face, the court’s ruling conflicts ■with extensive precedent, as well as strains constitutional principles. From the denials of rehearing and of rehearing en banc, I respectfully dissent.